UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PAUL RAY GADOURY, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, Commissioner, Social Security Administration, <br><br> Defendant. | C.A. No. 08-140 S |

## OPINION AND ORDER

WILLIAM E. SMITH, United States District Judge.

Before the Court is Plaintiff's objection to Magistrate Judge Almond's April 30, 2009 Report and Recommendation ("R&R" Doc. No. 9), which recommends that Plaintiff's Motion to Reverse or Remand the Decision of the Commissioner (Doc. No. 7) be denied. While the Court disagrees with one aspect of Magistrate Judge Almond's reasoning in an admittedly murky area of law, Plaintiff's objection is nevertheless denied and the R&R is accepted, as modified below, pursuant to 28 U.S.C. § 636(b)(1)(C).

I.  Background

The facts of this case are set forth at length in Parts I and V of Magistrate Judge Almond's R&R. To orient the reader, the Court presents only those facts pertinent to the instant objection. On October 12, 2004, as a result of back problems stemming from a

fall the previous March, Plaintiff Paul Gadoury applied for and was denied disability insurance benefits ("DIB") through the Social Security Administration ("SSA"). (Tr. 17.) After a second denial, Plaintiff requested a hearing, which was held on February 14, 2007 before an administrative law judge ("ALJ"). (Id.) In a written decision, the ALJ found that Plaintiff did not meet the SSA's definition for disability, and denied him DIB. (Id. at 26); see 20 C.F.R. §§ 404.1505 and 404.1520 (2009).

The ALJ's five-step evaluation of Plaintiff was predicated on a finding that the assessments of the treating physician, Dr. Olin, of Plaintiff's pain and functionability did not comport with the medical evidence, and thus deserved minimal weight.[1] The ALJ placed comparatively more weight on the opinions of the non-examining state agency physicians, Drs. Georgy and Faigel, and concluded that Plaintiff maintained residual functional capacity such that he was not disabled. (Tr. 24.)

---

[1] Specifically, the ALJ cited Dr. Olin's lack of prior documentation on motor and reflex loss as a reason to doubt Dr. Olin's more recent opinion in which he reported the presence of such physical impairment. (Tr. 21, n.5.) The ALJ went on to note that Dr. Olin's opinion that medication would affect Plaintiff's ability to work conflicted with the mental status evaluation. (Id. at 24.) Lastly, the ALJ concluded that Dr. Olin's assessments of Plaintiff's ability to sit, stand, and withstand fumes and temperature extremes were without support in the record. (Id. at 24-25.)

2

Plaintiff appealed the denial to this Court on three grounds, asserting that the ALJ improperly discredited Plaintiff's testimony as to pain, failed to accord adequate weight to the opinion of the treating physician, and failed to give "good reasons"[2] for the diminished weight assigned to the treating physician's opinion. (Pl.'s Mem. 1.) Magistrate Judge Almond's R&R addressed all three of Plaintiff's concerns, (R&R 20-24), and Plaintiff now objects only with respect to the "good reasons" issue. On that issue, Magistrate Judge Almond concluded that a determination of reduced functioning capacity (RFC) is reserved to the Commissioner under 20 C.F.R. § 404.1527(e); thus, Dr. Olin's February 13, 2007 opinion was not a "medical opinion" under the regulations and was therefore exempt from the "good reasons" requirement. (See R&R 21.) As an alternative basis for his recommendation, Judge Almond found that "the ALJ gave 'good reasons' for his decision to give lesser weight to Dr. Olin's opinions." (Id.)

II. Standards of Review

In considering Plaintiff's objection, this Court must conduct "a de novo determination of those portions of the [R&R] to which objection is made" and "may accept, reject, or modify, in whole or

---

[2] "We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." 20 C.F.R. § 404.1527(d)(2)

3

in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); <u>Jasty v. Wright Med. Tech., Inc.</u>, 528 F.3d 28, 33 (1st Cir. 2008).

In the review of an ALJ's decision denying social security disability insurance benefits, the factual findings of the Commissioner are accorded great weight and "shall" be conclusive "if supported by substantial evidence." 42 U.S.C. 405(g); <u>Mardo v. Astrue</u>, No. CA 07-281, 2008 WL 2732301, at *2 (D.R.I. July 11, 2008). The Court "must affirm the [Commissioner]'s resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." <u>Rodriguez Pagan v. Sec'y of Health & Human Servs.</u>, 819 F.2d 1, 3 (1st Cir. 1987).

III. Discussion

    A.   Statutory requirement of "good reasons"

The dispute over whether or not the ALJ was required to give good reasons for the weight he assigned to Dr. Olin's opinion stems from two different interpretations of Dr. Olin's RFC assessment in light of three intertwined regulations.[3] No one disputes that Dr.

---

[3] Below, for reference, are the pertinent parts of the relevant regulations:

> Evidence that you submit or that we obtain may contain medical opinions. Medical opinions are statements from physicians and psychologists or other acceptable

4

Olin was Plaintiff's treating source.[4] So the determination of whether the ALJ must give good reasons with respect to the weight

---

> medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions.

Id. § 404.1527(a)(2).

> *How we weigh medical opinions.*
>
> . . . .
>
> (2) . . . We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

Id. § 404.1527(d).

> *Medical source opinions on issues reserved to the Commissioner.* Opinions on some issues, such as the examples that follow, are not medical opinions, as described in paragraph (a)(2) of this section, but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability.
>
> . . . .
>
> (2) *Other opinions on issues reserved to the Commissioner.* We use medical sources, including your treating source, to provide evidence, including opinions, on the nature and severity of your impairment(s). Although we consider opinions from medical sources . . . the final responsibility for deciding these issues is reserved to the Commissioner.

Id. § 404.1527(e).

[4] 20 C.F.R § 404.1502 defines a "treating source."

assigned Dr. Olin's opinion hinges on whether or not all or part of the RFC is a "medical opinion." See 20 C.F.R. § 404.1527(a)(2). That, in turn, hinges on how broadly one reads § 404.1527(e) as preempting § 404.1527(d)(2)'s requirements.

Magistrate Judge Almond found, and the Commissioner now urges, that because Dr. Olin's report (entitled "Physical Residual Functional Capacity Questionnaire") opined on matters covered under § 404.1527(e)(2), the entire report is deemed not to be a medical opinion, and thus falls outside the scope of § 404.1527(d)(2) and its "good reasons" requirement. However, this Court reads § 404.1527(e) more narrowly, excepting from the scope of § 404.1527(d)(2) only those portions of the RFC questionnaire that address matters described in § 404.1527(e). Thus, while parts of Dr. Olin's opinion are clearly exempt from the "good reasons" requirement along the lines of Magistrate Judge Almond's reasoning in his R&R, those parts meeting the definition of "medical opinion" that are not excluded by § 404.1527(e) are still subject to § 404.1527(d)(2). See Griner v. Astrue, No. 3:08-cv-770, 2009 WL 2151204, at *9 (M.D. Fl. July 13, 2009) (holding that parts of treating physician's opinion addressing capability in job situation were reserved to the Commissioner, but that objective findings (including those contained in RFCs) were not reserved under § 404.1527(e)); Collins v. Astrue, No. 08-2663, 2009 WL 1247188, at

*3 (7th Cir. May 7, 2009) (citing <u>Snell v. Apfel</u>, 177 F.3d 128, 134 (2d Cir. 1999) ("[R]eserving 'ultimate issues' to the Commissioner . . . does not exempt the ALJ from obligation to explain why a treating physician's opinion is not being credited.")); <u>see also</u> <u>Morales v Comm'r of Soc. Sec.</u>, 2 Fed. Appx. 34, 36 (1st Cir. Feb. 15, 2001) (discussing "adequate reason" for discounting treating physicians' RFC assessments).

B. The ALJ's "good reasons"

Having found that the ALJ was required to provide "good reasons" for the weight (or lack thereof) he assigned Dr. Olin's medical opinion, the Court agrees with Magistrate Judge Almond that the ALJ did so.[5] 20 C.F.R. § 404.1527(d)(2) does not define "good reasons." However, the phrase's meaning has been fleshed out in case law and in the Commissioner's "Policy Interpretation Ruling."[6]

---

[5] Even if the Court were to find the ALJ failed to give good reasons, it is unclear whether remand (much less reversal) would even be warranted. See <u>Shaw v. Sec'y of Health & Human Servs.</u>, No. 93-2173, 1994 WL 251000, at *5 (1st Cir. June 9, 1994) (per curiam) ("While we would prefer more explanatory detail, and [§ 404.1527(d)(2)] contemplates greater detail, we see no reason to return this case for the purely formulaic purpose of having the ALJ write out what seems plain on a review of the record."); <u>see also</u> <u>Ward v. Comm'r of Soc. Sec.</u>, 211 F.3d 652, 656 (1st Cir. 2000) ("While an error of law by the ALJ may necessitate a remand, . . . a remand is not essential if it will amount to no more than an empty exercise." (citations omitted)); <u>Sharp v. Barnhart</u>, 152 Fed. Appx. 503, 508 (6th Cir. 2005).

[6] SSR 96-2p: Policy Interpretation Ruling Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions.

7

In view of this guidance, the reasons the ALJ offered on pages 5, 8, and 9 of his decision constitute "specific reasons" and were "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to . . . the opinion and the reasons for that weight." (Tr. 21, 24-25); see SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996). In fact, the ALJ's assertion that Dr. Olin's "assessment finds no support in the record as a whole and is afforded only diminished probative weight" (tr. 24-25), given the ample support in the record backing it up, hits the mark in this case. See Coggon v. Barnhart, 354 F. Supp. 2d 40, 58 (D. Mass. 2005) (holding that statements that medical opinion was "unsupported by clinical evidence" and "an advocacy opinion" constituted "good reasons" when there was sufficient support in the record for these conclusions).

In sum, the Court is not unsympathetic to Plaintiff's desire for greater specificity and more detailed elaboration. But examining the record as a whole, it cannot be said that the ALJ fell short of doing that which the regulations required in this instance with respect to Dr. Olin's report.

IV. Conclusion

For the reasons stated above, Plaintiff's objection is overruled, and the R&R is accepted as modified above. Plaintiff's Motion to Reverse or Remand the Decision of the Commissioner is

DENIED and the Commissioner's Motion for an Order Affirming the Decision is GRANTED.

IT IS SO ORDERED.

/s/ WESmith
William E. Smith
United States District Judge
Date: 8/27/09